***********
The Full Commission reviewed the prior Decision and Order based upon the record of the proceedings before Chief Deputy Commissioner Taylor, the assignments of error and the briefs before the Full Commission, and the presentation of oral argument by the parties. The appealing party has not shown good grounds to reconsider the evidence. The Full Commission affirms the Decision and Order of Chief Deputy Commissioner Taylor with minor modifications.
 ***********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by parties as:
 STIPULATIONS
1. The parties are properly before the Industrial Commission.
2. Plaintiff is a citizen and resident of Pender County, North Carolina. *Page 2 
 ***********
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. On October 25, 2000, Plaintiff was convicted of 23 felony counts of false pretenses and cheats and one count of cocaine possession. The cases were consolidated and Plaintiff was ordered to serve an active nine (9) to eleven (11) months sentence in case 99 CRS 51221.
2. Plaintiff was also placed on thirty (30) months supervised probation in three (3) cases (00 CRS 50486, 00 CRS 50487, and 00 CRS 50677), which was to start at the expiration of the active sentence for 99 CRS 51221.
3. On November 3, 2000, Plaintiff's probation in three unrelated cases was revoked and the active sentence was served concurrently with 99 CRS 51221.
4. On July 17, 2001, Plaintiff's active sentence in 99 CRS 51221 expired and his thirty (30) months supervised probation began in 00 CRS 50486, 00 CRS 50487, and 00 CRS 50677. The thirty (30) months probation would expire on January 17, 2004.
5. On March 3, 2002, Plaintiff was released from jail for the three (3) cases that were revoked on November 3, 2000.
6. On May 13, 2003, an informal violation hearing was held wherein Plaintiff's probation in cases 00 CRS 50486, 00 CRS 50487, and 00 CRS 50677 was extended for one (1) year, from January 17, 2004 to January 17, 2005, with his consent to allow him more time to make payments for restitution. *Page 3 
7. Another probation violation hearing was held on November 12, 2003 due to Plaintiff being charged with absconding. The Judge ordered Plaintiff's probation in 00 CRS 50486, 00 CRS 50487, and 00 CRS 50677 to be extended for three (3) years. As a result of this order, Plaintiff's probation would continue until January 17, 2008.
8. On January 13, 2005, probation officer Thurman Ramsey, the alleged negligent employee of Defendant, issued a warrant for Plaintiff's arrest for probation violation due to Plaintiff testing positive for cocaine and not satisfying his monetary payments.
9. A formal probation violation hearing was held on January 24, 2005 in front of Judge Cobb. Judge Cobb found that Plaintiff had violated his probation. Judge Cobb revoked Plaintiff's probation and reinstated his active sentence.
10. Plaintiff appealed Judge Cobb's order revoking his probation to the North Carolina Court of Appeals contending (1) he was entitled to a new probation revocation hearing in all three cases because the trial court failed to ensure that his waiver of counsel was knowing and intelligent, and (2) the judgments revoking his probation must be vacated because the trial court lacked jurisdiction to enter them.
11. The State conceded in the criminal appeal and the North Carolina Court of Appeals found that the trial court did not satisfy the requirements of N.C. Gen. Stat. § 15A-242 with regard to Plaintiff's right to waive counsel. Therefore, the Court ordered that Plaintiff was entitled to a new probation revocation hearing.
12. The North Carolina Court of Appeals remanded the cases back to Superior Court to determine how the dates were chosen, whether they were correct, and to determine the correct date upon which Plaintiff's probation had expired. *Page 4 
13. In trying to figure out the record before it, the Court of Appeals noted that "poor record-keeping with respect to defendant's probation has resulted in a procedural morass." Therefore, the Court could not determine from the record before it whether or not the Superior Court had jurisdiction.
14. Upon remand, Judge Fullwood ordered Plaintiff to be released from prison.
15. No evidence was presented as to what evidence Judge Fullwood had before him when making his determination. However, the Commission must focus on the evidence presented in this tort claim and not evidence presented in a criminal matter.
16. Despite contending that his original 30 months of probation expired on April 24, 2003, Plaintiff admitted at the hearing that his probation was extended numerous times, some with his consent, prior to the January 25, 2005 revocation hearing which is the subject of this tort claim.
17. Plaintiff contends that the thirty (30) months of probation in cases 00 CRS 50486, 00 CRS 50487, and 00 CRS 50677 began on October 25, 2000 rather than on July 17, 2001, the expiration of his active sentence in 99 CRS 51221. However, Jean Walker testified that based on the court documents, it was clear that the judge intended for the thirty (30) months probation to begin at the expiration of the active sentence in 99 CRS 51221.
18. Plaintiff's thirty (30) months probation in 00CRS 50486 was to begin at the expiration of the active sentence in 99 CRS 51221.
19. Plaintiff alleged that Thurman Ramsey, Jr., a probation officer for defendant, was negligent in not thoroughly searching through Plaintiff's probation file to determine that Plaintiff's probation had expired. *Page 5 
20. Plaintiff's probation did not expire prior to Mr. Ramsay issuing a warrant for Plaintiff's arrest for probation violation on January 13, 2005.
21. Plaintiff's probation did not expire prior to Judge Cobb revoking Plaintiff's probation on January 24, 2005.
22. A probation officer does not have the authority to revoke a probationer's probation. Only a judge can revoke one's probation and order them to serve an active sentence.
23. Judge Cobb, not Mr. Ramsay, revoked Plaintiff's probation and re-instated his active sentence.
24. The greater weight of the evidence shows and the Full Commission finds that Plaintiff failed to prove that Mr. Ramsay or any employee of Defendant breached a duty owed to plaintiff or that such alleged breach caused alleged injury to Plaintiff.
 ***********
Based on the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers upon the North Carolina Industrial Commission jurisdiction to hear negligence claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkhir v.N.C. State Univ., 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). In order to recover on a civil claim for negligence, a claimant must prove: (1) the existence of a duty; (2) a breach of that duty by the defendant (the named employees thereof in a tort claim); (3) injury sustained; and (4) that the injury sustained was a proximate result of the breach of duty.Pulley v. Rex Hospital 326 N.C. 701, 705, *Page 6 392 S.E.2d 380, 383 (1990). Plaintiff has the burden of proof in this tort claim and must prove his case by a preponderance of the evidence.Id. Plaintiff failed to show that Defendant breached a duty owed to Plaintiff or that such alleged breach proximately caused alleged injury to Plaintiff.
3. To recover under the Tort Claims Act, a claimant must prove negligence on the part of a specific named employee of Defendant.See N.C. Gen. Stat. § 143-291 et seq.; Guthrie v. North Carolina StatePorts Auth., 307 N.C. 522, 299 S.E.2d 618 (1983). Plaintiff failed to prove negligence on the part of any employee of Defendant, and he therefore failed to establish any negligence on the part of Defendant.Id.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim is DENIED.
2. Each side shall bear its own costs.
This the 28th day of May, 2009.
S/___________________ STACI T. MEYER COMMISSIONER
CONCURRING:
 S/___________________ PAMELA T. YOUNG CHAIR *Page 7 
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER *Page 1